UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY MILES ET AL                    CIVIL ACTION NO. 25-cv-2031

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

WALMART INC ET AL                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Anthony and Dina Miles ("Plaintiffs"), represented by attorney Michael Rolf Smith, filed this civil action against Walmart in state court based on allegations that Mr. Miles tripped over a protruding piece of a metal display stand in a Walmart store. Walmart removed the case based on diversity jurisdiction. For the reasons that follow, it is recommended that the case be dismissed for failure to prosecute.

After the case was removed, the court directed the parties to file Rule 7.1 disclosure statements. Plaintiff's counsel filed a statement of his clients' Louisiana citizenship (Doc. 9), but he has never filed another item in this case. After the court determined that there is a basis for jurisdiction, the undersigned entered an order that set a telephone scheduling conference for March 4, 2026. The order instructed the parties to file a joint Rule 26(f) report by February 25, 2026. Doc. 10. This is a very simple report, for which the court provides a form.

Defendants unilaterally filed a Rule 26(f) report on the February 25 deadline. Doc. 12. They wrote in the report: "After numerous attempts to contact counsel for Plaintiff regarding both the meeting and the report herein, Defendants received no response." The

court entered a minute entry (Doc. 14) on March 4, 2026 that stated that the conference was "cancelled due to Plaintiffs' failure to participate in the drafting of the Rule 26 report." The court ordered that "[a] report signed by all parties must be filed within 7 days." No report was filed, and counsel for Plaintiffs never otherwise contacted the court.

The court issued a memorandum order (Doc. 15) that recited this history and ordered Plaintiffs' counsel to "show cause, in writing, no later than March 27, 2026 why this case should not be dismissed for failure to participate in the Rule 26 conference and refusal to follow the orders of the court." That deadline passed more than six weeks ago, and Plaintiffs' counsel has not filed a response to the order or contacted the court in any way.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

Dismissal without prejudice for failure to prosecute is warranted under the circumstances. There is a clear record of delay and refusal to follow the court's orders. There is no reason to believe that lesser sanctions would prompt diligent prosecution; Plaintiffs have ignored prior orders to take even the simplest of steps to prosecute or preserve their action. Although it cannot be ascertained from the record whether the delay is caused by the intentional actions of Plaintiffs themselves or merely their attorney, "a

party is bound by the acts of his attorney." <u>Woodson v. Surgitek, Inc.</u>, 57 F.3d 1406, 1418 (5th Cir. 1995) "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." <u>Id</u>. quoting <u>Link</u>, 82 S.Ct. at 1387-88).  Keeping a suit alive merely because a plaintiff should not be penalized for the omissions of his attorney would be visiting the sins of plaintiff's lawyer upon the defendants (and the court).  <u>Id</u>.

When a dismissal is without prejudice, but the applicable statute of limitations probably bars future litigation, the dismissal is assessed as if it were a dismissal with prejudice, and a greater showing may be required to warrant dismissal.  <u>Griggs v. S.G.E. Mgmt., L.L.C.</u>, 905 F.3d 835, 844 (5th Cir. 2018).  This case need not be assessed as if the dismissal is with prejudice.  Plaintiffs allege that the accident happened on July 13, 2024. Louisiana's prescriptive period for torts was recently extended from one year to two years. The two-year limitations period applies to actions arising after July 1, 2024.  La. Civ. Code art. 3493.1; Acts 2024, No. 423.  Thus, Plaintiffs have time to refile this case on a timely basis if it is dismissed without prejudice before the two-year anniversary on July 13, 2026.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge